```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT CHANDLER,

                         Petitioner,

           -against-                                              MEMORANDUM AND ORDER

WARREN D. BARKLEY,                                                09-CV-4648 (SLT)

                         Respondent.
------------------------------------------------------------X
```

**TOWNES, United States District Judge[1]:**

Petitioner Robert Chandler ("Chandler"), a state inmate, petitions *pro se* for habeas corpus relief pursuant to 28 U.S.C. § 2254. He contends that the New York State Department of Correctional Services ("DOCS") improperly calculated his sentence as consecutive to the remaining portion of a previous, undischarged sentence. The sentencing judge was silent on the issue of whether the sentence was to run consecutively or concurrently. In opposition to the petition, the respondent argues that DOCS properly calculated the sentence as consecutive under New York law. Respondent also claims that Chandler's petition is untimely and that his claims are unexhausted.

## FACTUAL BACKGROUND

Chandler pled guilty and was convicted in New York State Supreme Court, New York County of Burglary in the Second Degree (New York Penal Law ("NYPL") § 140.25). He was sentenced on February 5, 2001 to three-and-a-half years in prison, to be followed by two-and-a-

---

[1] The Court would like to acknowledge the capable assistance of a student intern, Michael Berkovits, of Columbia University School of Law, in the preparation of this Memorandum and Order.



1

half years of post-release supervision (the "2001 Sentence"). In July 2003, after serving all but six months and two days of his prison sentence, Chandler was conditionally released.

In September 2003, while on supervised release, Chandler was rearrested for perpetrating another burglary. Chandler pled guilty and was convicted in New York State Supreme Court, Kings County, of Second Degree Burglary for this crime. On August 3, 2004, he was sentenced, as a second violent felony offender under NYPL § 70.04, to eight years in prison, to be followed by five years of post-release supervision (the "2004 Sentence"). The sentence and commitment order did not specify whether the eight-year prison sentence was to run consecutive to or concurrent with the 2001 Sentence.

A New York sentencing statute, NYPL § 70.25(2-a), provides:

> When an indeterminate or determinate sentence of imprisonment is imposed pursuant to [NYPL § 70.04], and [the person sentenced] is subject to an undischarged indeterminate or determinate sentence of imprisonment imposed prior to the date on which the present crime was committed, *the court must impose a sentence to run consecutively with respect to such undischarged sentence.*

NYPL § 70.25(2-a) (emphasis added). In administering Chandler's sentence, DOCS added the unexpired portion of Chandler's 2001 Sentence (six months and two days) to the 2004 Sentence, such that Chandler will serve out the 2004 Sentence and the remaining undischarged portion of the 2001 Sentence consecutively.

## DISCUSSION

Where an individual is held in state custody pursuant to a determination by an administrative agency that substantively modifies the sentence handed down by a judge, a federal Constitutional claim is raised under the Due Process Clause. *See Earley v. Murray*, 451 F.3d 71, 75-77 (2d Cir. 2006), *rehearing denied*, 462 F.3d 147 (2d Cir. 2006), *cert. denied*, 551 U.S. 1159

(2007). In *Earley*, the Second Circuit found that a prisoner's due process rights were violated where DOCS tacked a period of post-release supervision onto the period of imprisonment imposed by the sentencing judge. *Id.* at 74-77; *see also Knowles v. Johnson*, No. 08 Civ. 4741, 2010 WL 1050973, at *2 (S.D.N.Y. Mar. 23, 2010). Although the additional period of supervision was required by statute, the Second Circuit, relying on *Hill v. United States ex rel. Wampler*, 298 U.S. 460 (1936), held:

> The only cognizable sentence is the one imposed by the judge . . . . The sentence imposed by the court on Earley was six years in prison. The judgment authorized the state to incarcerate him for six years and no more. Any addition to that sentence not imposed by the judge was unlawful. Yet Earley was subjected to further custody.

*Id.* at 75.

The holding of *Earley* clearly applies in cases where DOCS has added a period of supervised release not explicitly imposed by the sentencing judge. *See Matter of Garner v. N.Y.S. Dep't of Corr. Servs.*, 10 N.Y.3d 358 (2008); *People v. Sparber*, 10 N.Y.3d 457 (2008). However, the *Earley* holding does not apply where DOCS merely determines whether a sentence is to run consecutive to or concurrent with a previous, undischarged sentence under a New York statute. *Washington v. Goord*, No. 07 Civ. 7150, 2009 WL 3805599, at *6 (S.D.N.Y. Nov. 13, 2009); *Vasquez v. Loiodice*, No. 07 Civ. 7164, 2009 WL 2575775, at *3 (S.D.N.Y. Aug. 20, 2009); *El-Aziz v. LeClair*, No. 07 Civ. 2189, 2008 WL 4443849, at *4 (S.D.N.Y. Sept. 29, 2008); *Wheeler v. Phillips*, No. 05-CV-4399, 2006 WL 2357973, at *17 n.13 (E.D.N.Y. Aug. 15, 2006).

In *People ex rel. Gill v. Greene*, 12 N.Y.3d 1 (2009), a state inmate challenged his sentence on due process grounds. At the time of his sentencing, two previous sentences had not been completed, as "he had been paroled on the first, and had absconded from a temporary release program while serving the second." *Id.* at 4. Although the sentencing court, under the terms of NYPL § 70.25(2-a), was required to impose a sentence consecutive to the undischarged

3

portions of the first two sentences, the court "did not say, orally or in any document," whether the sentence imposed was to run concurrently or consecutively. *Id.*

The New York Court of Appeals, upholding DOCS' calculation of the sentence as consecutive, held:

> [W]here, as in this case, the court has no choice about which kind of sentence to impose, no default rule for interpreting the court's silence is provided by statute, because none is necessary. The court is simply deemed to have complied with the statute . . . . DOCS properly interpreted [the sentence] as being consecutive to [the petitioner's] previous undischarged sentences, as Penal Law § 70.25(2-a) requires.

*Id.* at 6-7.

In *Vasquez*, a 42 U.S.C. § 1983 action with a factual predicate virtually identical to the instant case, the sentencing court likewise:

> did not specify, either on the record or in the order of commitment, whether Plaintiff's sentence [for a felony while out on parole] was to run consecutively to or concurrently with his undischarged earlier term of imprisonment . . . . Nevertheless, DOCS deemed Plaintiff's 2000 sentence to run consecutively to his prior sentence and calculated his sentence accordingly.

2009 WL 2575775, at *1. Judge Baer, in rejecting the plaintiff's due process argument, noted that "[t]he question of whether a sentence should run concurrently or consecutively is purely a question of state law" and pointed to *Gill* as settling the issue under New York law. *Id.* at *2. Moreover, Judge Baer distinguished *Earley* holding that "the essential difference between the factual scenario posed in *Earley* and the facts of this case is that, in *Earley*, a substantive part of the sentence (the [post release supervision] term) was never imposed." 2009 WL 2575775, at *3. He noted that in the case before him, as in the instant case, "there is no substantive part of the sentence that the court neglected to impose. Rather, 'all that was omitted was the characterization of the sentence as either concurrent or consecutive.'" *Id.* (quoting *Gill*, 12 N.Y. 3d at 6).

4

In *Washington*, another § 1983 action challenging a consecutive sentence administered by DOCS, Judge Swain cited *Gill* for the proposition that "the question of whether a sentence will be served concurrently or consecutively is not substantive but, rather, an issue of 'characterization' where, as here, the sentencing court has imposed the term of imprisonment." 2009 WL 3805599, at *6 (quoting *Gill*, 12 N.Y.3d at 6). Moreover, federal habeas courts deciding the issue prior to the conclusive word of the New York Court of Appeals in *Gill* reached the same conclusion by looking to NYPL § 70.25(2-a) and finding that DOCS properly calculated sentences as consecutive when judges were silent on the issue. *See El-Aziz v. LeClair*, No. 07 Civ. 2189, 2008 WL 4443849, at *4 (S.D.N.Y. Sept. 29, 2008); *Wheeler v. Phillips*, No. 05-CV-4399, 2006 WL 2357973, at *17 n.13 (E.D.N.Y. Aug. 15, 2006).

Chandler's claim fails because his federal constitutional rights were not violated by DOCS' calculation of his sentence as consecutive. "The question of whether a criminal sentence should run concurrently or consecutively to a prior sentence is a matter of state law." *Washington*, 2009 WL 3805599, at *6; *accord Vasquez*, 2009 WL 2575775, at *2. Where a state sentencing statute mandates that a sentence be imposed consecutive to a previously undischarged sentence, and the sentencing judge is silent on the issue, DOCS may administer the sentence in accordance with the statute. *Washington*, 2009 WL 3805599, at *6; *Vasquez*, 2009 WL 2575775, at *2-*3; *Gill*, 12 N.Y.3d at 2-4. In light of the Court's determination that the petition is entirely without merit, the Court need not reach the respondent's timeliness and exhaustion arguments. *See Greiner v. Wells*, 417 F.3d 305, 318 n.14 (2d Cir. 2005); *Watkins v. Perez*, No. 05 Civ. 477, 2007 WL 1344163, at *5 (S.D.N.Y. May 7, 2007).

## CONCLUSION

Accordingly, the petition is denied, and the Clerk of Court is directed to close this case. The Court also declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

/SANDRA L. TOWNES
UNITED STATES DISTRICT JUDGE

Dated: April 30, 2010
Brooklyn, New York